| 73 | 215 |
| 95 | 441 |

# Huddleston v. Huey.

### Detinue.

1. *Detinue; when actual possession sufficient evidence of title to maintain.*—While it is a general rule that, to maintain the action of detinue, the plaintiff must have, at the commencement of the suit, a general or special property in the chattel sought to be recovered, as against a mere wrong-doer, who has invaded plaintiff's possession, a recovery may be had on the plaintiff's prior possession, accompanied with a claim of right.

2. *Personal property of a decedent; interest of distributee merely equitable.*—A distributee of an intestate's estate has only an equitable interest in the personal property belonging to the intestate at the time of his

|Huddleston v. Huey.]

death, which will not support detinue, the legal title thereto vesting in the personal representative when appointed.

3. *Delivery essential to validity of gift of personal property.*—A gift of personal property, without delivery, is ineffectual to pass the title to the donee.

4. *Sale of personal property held and claimed by another adversely does not pass the title.*—A sale of personal property, held and claimed adversely by another, does not pass the legal title, but operates merely as a transfer of a *chose in action.*

APPEAL from Macon Circuit Court.

Tried before Hon. JAMES E. COBB.

This was an action of detinue, brought by Huey against Huddleston for the recovery of a mule, and was tried on issue joined on the plea of the general issue, the trial resulting in a verdict and judgment for the plaintiff. It appears from the bill of exceptions, that one Porter died intestate owning, and in possession of the mule, and leaving no debts, and no administration had been granted on his estate; that at the time of his death his widow took charge of the mule, all the heirs, who were of age, having agreed that she should "keep" the property of their father's estate as long as she lived; that afterwards W. T. Porter, one of the heirs, borrowed the mule from the widow, and kept it a few months; that one of the mule's legs was broken while in his service, and he gave his mother another in its place; and that afterwards the mule "was turned out of the field and it went off," and the plaintiff, as the defendant's testimony tended to show, took it up as an estray. The evidence further tended to show that the plaintiff had been in the possession of the mule for ten or twelve months before the commencement of this suit, claiming it as his own; and that the defendant came to his house, in his absence, and took the mule away against the consent and protest of plaintiff's wife, the defendant stating at the time that he had purchased it. The evidence introduced on behalf of the defendant tended to show, that W. T. Porter, after the mule had broken one of its legs, gave the mule to a negro, who gave it to one Whitehead, but whether these gifts were made before or after the mule was turned out and went off, is not shown; and that, after the plaintiff had obtained possession of the mule, the defendant purchased it from Whitehead. It is not shown that Porter delivered the mule to the negro to whom he gave it, or that the negro delivered it to Whitehead, or in whose possession the mule was at the time of these gifts. The value of the mule and of its hire was also shown. This being the substance of the evidence, the court, at the plaintiff's written request, charged the jury that, if they believed the evidence, they must find for him, and the defendant excepted.

The charge given is here assigned as error.

[Huddleston v. Huey.]

S. B. Paine and R. H. Abercrombie, for appellant.

J. A. Bilbro, *contra*.

SOMERVILLE, J.—While the general rule prevails, that no plaintiff can maintain an action of detinue, unless he possesses, at the commencement of the action, a general or special *property* in the chattels sought to be recovered, it is not of universal application. The rule is otherwise, where a mere *wrong-doer* is concerned. He is not permitted to question the title of one who is in the actual possession and custody of the goods, whose possession he has wrongfully invaded as a trespasser. Hence, the rule obtains, that "the *naked possession* of goods, with claim of right, is sufficient evidence of title against one who shows no better right."—2 Greel. Ev. § 637; *Gafford v. Stearns*, 51 Ala. 434, 442; *Miller v. Jones*, 26 Ala. 247; *Folmar v. Copeland*, 57 Ala. 588.

The evidence shows that the plaintiff, Huey, had been in possession of the mule in contention for ten or twelve months, claiming it *bona fide* as his own. The defendant had gone on plaintiff's premises, and taken the mule away during plaintiff's absence, and without his consent. This he had no lawful right to do, possessing, as the testimony shows, no title to, or property in the mule, upon the strength of which he could have maintained an action for it. The animal belonged to the estate of one Porter, deceased, and the *legal* title would repose in his personal representative, the distributees of the estate having only an *equitable* interest in it.—*Kelly v. Kelly*, 9 Ala. 908; *Vanderveer v. Alston*, 16 Ala. 494.

The defendant, as we have said, shows no title authorizing the unlawful seizure made by him. The mule was not the property of Whitehead, from whom he undertook to purchase it, the evidence failing to show any delivery to him (Whitehead) by his immediate donor, from whom he claimed title by gift. The gift could not be effectual without a delivery, even if the donor himself had title, which the evidence fails to show.

At the time of defendant's alleged purchase, moreover, the property was in plaintiff's possession, being adversely held by him under *bona fide* claim of title, and the bill of sale would have transferred to the vendee nothing but a mere *chose in action*, even if the vendor had held the legal title.—1 Brick. Dig. 52, § 44.

There was no error in the charge of the court, given at the request of the plaintiff, that if the jury believed the evidence they must find for the plaintiff.

Affirmed.