# Foy *v.* Cochran.

*Statutory Detinue for Mule.*

1. *Conveyance of personal property adversely held.*—A conveyance of personal property, which is at the time in the possession of a third person holding adversely to the grantor, passes to the grantee no title on which he can maintain an action against the adverse possessor.

APPEAL from the Circuit Court of Bullock.
Tried before the Hon. JESSE M. CARMICHAEL.
This action was brought by James E. Foy, against T. J. Maddox, to recover a mule, with damages for its detention;

and was commenced on the 5th January, 1888.    The defendant disclaimed title in himself, and suggested that Mrs. Willie P. Cochran, without collusion with him, claimed the mule; and thereupon she appeared, and defended the action. Code, § 2611.    On the trial, as the bill of exceptions shows, the plaintiff claimed the mule under a deed executed to him by Mrs. Cornelia J. Cochran, which conveyed a tract of land, seven horses and mules, &c., and was dated the 3d August, 1887.    Mrs. Cornelia J. Cochran was the widow of Ben. Cochran, deceased, who died on the 14th May, 1887, intestate; and the defendant was the widow of George Cochran, who was a son of said Ben. Cochran and his wife. It was shown that the mule sued for had belonged to said T. J. Maddox, and was exchanged by him, on the 21st December, 1886, for a horse, by contract or agreement with George Cochran, "acting as agent for his father;" that the horse so exchanged belonged to the statutory separate estate of Mrs. Cornelia J. Cochran; that the exchange was made with the verbal consent of Mrs. Cochran and her husband, but no writings were executed; that Maddox took possession of the horse, and had kept it ever since; that the mule was carried to the plantation of said Ben. Cochran, and was by him sold to the defendant, his daughter-in-law, in payment of a debt for borrowed money; and that she, the defendant, "was holding said mule adversely to Mrs. Cornelia J. Cochran, at the time of the execution of said conveyance to the plaintiff."    On this evidence, the court charged the jury, "that if they believed from the evidence that, at the time of the execution and the delivery of the conveyance by Mrs. Cornelia J. Cochran to plaintiff, the defendant had possession of the mule, claiming it as her own, and holding it adversely to Mrs. Cornelia J. Cochran, then they must find for the defendant."    The plaintiff excepted to this charge, and it is here assigned as error, with other rulings.

NORMAN & SON, for appellant.

WATTS & SON, *contra.*

STONE, C. J.—It is not disputed in this case, and is clearly proved, that at the time Mrs. Cornelia J. Cochran sold and conveyed the mule in controversy to Foy, the plaintiff in this action, Mrs. Willie P. Cochran, the defendant, had the mule in possession, claiming to be the owner thereof.

This being the case, no matter what right or title Mrs. Cornelia J. may have held, she could not convey to Foy any right which would maintain this action. A right to sue for property adversely held, can not be the subject of legal transfer.—*Huddleston v. Huey*, 73 Ala. 215; 1 Brick. Dig. 52, § 44.

The principle announced above renders the consideration of all other questions unnecessary, as under no circumstances can the plaintiff maintain this suit.

Affirmed.