# Snead *v.* Bell.

*Action for Alleged Breach of Verbal Contract.*

1. *Assignment of choses in action; suit may be brought in name of assignee.* The equitable title of an assignee to chose in action will be recognized by courts of law, and suit may be brought in the name of the assignor.

2. *Assignment of verbal contract; if not for payment of money, need not be prosecuted in name of party really interested; Sec. 28 Code.*—When an assigned contract or agreement to sell an amount of cotton at a stipulated price, the breach of which is relied upon for a recovery, is not for the payment of money, either express or implied, it is not governed by section 28 of the Code, which requires the action, where such is the case, to be prosecuted in the name of the party really interested.

3. *Same; when contract not within provisions of Sec. 876 Code.* An assigned verbal contract for the sale of cotton at 7¾

29c

[Snead v. Bell.]

cents per pound is not within the provisions of Section 876 of the Code, which authorizes the endorsee to maintain an action upon all bonds, contracts and writings for the payment of money or other thing or the performance of any act or duty, assigned to him by endorsement.

APPEAL from Marshall Circuit Court.

Tried before the Hon. J. A. BILBRO.

This action was brought by appellee, Robert N. Bell, as trustee for the benefit of Knight, Henry & Co., a domestic corporation against appellant John H. Snead. With the exception of those counts of the complaint which were withdrawn by the complainant, demurrers of defendant were sustained to all the counts except the 10th and 11th, which are as follows: "10. The plaintiff as assignee of Knight, Henry & Co., a cotton company corporation for the benefit of the creditors of said Knight Henry & Co., claims of the defendant the sum of two thousand dollars for this; that on or about the —— day of April, 1901, the defendant entered into an agreement or contract with the said Knight, Henry & Co., whereby he agreed to sell and deliver to said Knight, Henry & Co., at Boaz, Ala., six hundred and fifty bales of cotton at the agreed price of 7 3-4 cents per pound in consideration of the said Knight, Henry & Co., agreeing to buy said cotton at said price, said cotton to be delivered within a reasonable time, all on demand of said Knight, Henry & Co. That the said Knight, Henry & Co., being then and there able, willing, and ready to perform its part of said contract on or about the 2nd day of April, 1901, demanded said cotton of said defendant at Boaz, Ala. But the said defendant failed and refused to deliver said cotton to said Knight, Henry & Co., to the great damage of said Knight, Henry & Co., which said right of action is now the property of said Robert N. Bell, as assignee of said Knight, Henry & Co."

11. "The plaintiff claims of the defendant two thousand dollars for; That on or about the 1st day of April, 1901, Knight, Henry & Co., agreed to buy of the defendant six hundred and fifty

bales of cotton, at and for 7 3-4 cents per pound and to accept and pay for the same when the said cotton was properly classed and weighed by their classer and weigher. That the said defendant agreed to sell and deliver said 650 bales of cotton to said Knight, Henry & Co., at Boaz, Ala., at and for 7 3-4 cents per pound to be classed and weighed by the weigher and classer of said Knight, Henry & Co. That on or about the 2nd day of April, when the said Knight, Henry & Co., were to have the said cotton weighed and classed by their weigher and classer and ready, willing and able to pay for the same, said defendant notified said Knight, Henry & Co. that he would not sell and deliver it, the said 650 bales of cotton, and failed and refused to sell and deliver said 650 bales of cotton, to Knight, Henry & Co., to the great damage of said Knight, Henry & Co., which said cause of action, is now the property of this plaintiff as such assignee of Knight, Henry & Co., for the benefit of the creditors of said Knight, Henry & Co." To these counts, appellant demurred on the following grounds: "To counts 10 and 11, inclusive: 1. To each of said counts, defendant re-assigns each ground of demurrer separately that was assigned to counts 1, 2 and 3 of the original complaint. (These grounds of demurrer to counts 1, 2 and 3, were: 1. Because it is not shown by what right plaintiff sues as trustee or assignee; because this suit on the allegations of each count can be maintained only by Knight, Henry & Co.; because the creditors of Knight Henry & Co. are not proper beneficial plaintiffs and are insufficiently described; because the names of the creditors of Knight, Henry & Co. are not set out; 4. Because there is a misjoinder of parties plaintiff in this suit in this, a nominal plaintiff is introduced without any averment showing a necessity therefor; because there is a misjoinder of parties plaintiff in this: 'Knight, Henry & Co.' is improperly joined with their creditors as beneficial plaintiffs.) 2. Because said count avers that if the delivery was not made within a reasonable time it was to be made on demand. 3. Because the averment of the time of delivery is in the alternative and is uncertain and indefinite. 4. Because no contract to deliver at

[Snead v. Bell.]

Boaz is averred." The Court overruled these demurrers and the defendant excepted and assigns such ruling as error. The defendant then filed the following pleas: 1. The defendant denies each and all the allegations of the complaint. 2. The defendant says that R. N. Bell, as assignee or trustee as alleged is not the beneficial owner of the demand sued on. 3. The defendant further says that the plaintiff R. N. Bell is not the owner of the demand sued on. 4. The defendant further says that he is not indebted in manner and form as alleged in the complaint." The plaintiff moved to strike the 2nd and 3rd pleas, which motion was sustained. The defendant excepted and assigns the ruling of the court in striking such pleas as error. Issue was joined on the 1st and 4th pleas.

On the trial of the case, the plaintiff introduced evidence showing that the freight rate from Boaz to Savannah, Ga. on flat or uncompressed cotton (the cotton in controversy was flat or uncompressed) was 54 cents per 100 pounds; on compressed cotton it was 45 1-2 cents per 100 pounds, and that the rates of freight from Guntersville to Savannah were the same as from Boaz to Savannah. To the introduction of this evidence the defendant objected on the ground that same was illegal, irrelevant and immaterial. The Court overruled the objections, and the defendant excepted, and assigns the ruling of the court on such objections as error. The defendant testified that he did not offer to sell the cotton to Knight, Henry & Co. at 7 3-4 cents; that at the time he was talking to their Mr. Henry over the telephone, he had three telegrams in his hand and that he went direct to the telegraph office from the telephone office, and sent the telegrams. Defendant then offered in evidence three of said telegrams, one being to Garden, Neeley & Co., one to Johnson Nesbit & Co., and one to Howell Cotton Co., all in substance as follows, dated April 1, 1901, and reading "Make me round offer on six hundred and fifty bales cotton. (Signed) J. H. Snead." The plaintiff objected to said telegrams. The Court sustained the objections and to the exclusion of each of said telegrams the defendant

then and there duly excepted and assigns same as error.

The Court, at the request of the plaintiff, gave the following charge: "If the jury reasonably believe from the evidence an option to Knight, Henry & Co. in their own right and for themselves was given on the cotton, this was not employing Knight Henry & Co. to sell cotton for Snead. If defendant gave Knight, Henry & Co. such an option on the cotton, this would not make the duty of Knight, Henry & Co. to inform.Snead of the sale made by them or its terms." To the giving of this charge the defendant then and there duly excepted and assigns same as error. The defendant requested the court to give the following written charges: "A. If the jury believe the evidence, they must find for the defendant. B. The Court charges the jury that by the first conversation over the telephone between Snead and Henry there was no agreement to sell the cotton to Knight, Henry & Co., but it constituted only an employment of Knight, Henry & Co. to sell Snead's cotton for him. C. The Court charges the jury that the first conversation over the telephone between Snead and Henry did not constitute an agreement on the part of Snead to sell his cotton to Knight, Henry & Co. D. The Court charges the jury that if Snead employed Knight, Henry & Co. to sell his cotton for him at 7 3-4 cents per pound, then all profits made by Knight, Henry & Co. over and above that amount, on a sale of the cotton belonged to Snead and not to Knight, Henry & Co." The court refused to give each of said charges, and to the refusal of each, the defendant then and there duly excepted, and assigns the same separately, as error.

There were verdict and judgment for the plaintiff for $942.50. The defendant made a motion for a new trial on the following grounds: 1. That the Court erred in giving the written charge requested by the plaintiff; 2. That the court erred in refusing each of the written charges requested by the defendant; 3. That the verdict was contrary to the evidence; 4. That the verdict of the jury was excessive in the damages allowed. The court overruled said motion and the defendant excepted and assigns same as error. From the judgment in the case, the defendant appeals and assigns the rulings of the

court upon the pleadings and evidence, as set out above, as error.

STREET & ISBELL, for appellant.—Assignee for the benefit of creditors cannot sue in his own name on the contract set out in said counts. Code, Sec. 28; *Auerbach v. Pritchett,* 58 Ala. 451. Pleas 2 and 3 were stricken from record because not sworn to. This was manifest error. The verbal contracts whose assignment must be denied by sworn pleas, are those for the payment of money. *Buck v. Carlisle,* 98 Ala. 580; *Auerback v. Pritchett, supra; Babcock v. Carter,* 117 Ala. 575; Code, Sec. 28, and citations. The affirmative charge should have been given for the defendant.—*Henderson v. Vincent,* 84 Ala. 99; *McGar v. Adams,* 65 Ala. 106; 12 Am. & Eng. En. Law, 2 Ed. 643-4; 4 Am. &. Eng. En. Law, 2 Ed. 977. There was a fatal variance between the allegations and the proof. The evidence as to freight rates was irrelevant. The telegrams excluded were part of the *res gestae.* *Wilson v. Klein,* 90 Ala. 518. New trial should have been granted: evidence tending to show a sale to plaintiff was very, very shadowy.—*A. G. S. v. Powers,* 73 Ala. 244; 14 En. Plead & Prac. 776. The jury must have misunderstood, or misconceived the force and effect of, the evidence.—*Cobb v. Malone,* 92 Ala. 630. Verdict was excessive; plaintiff testified that cotton was 1-8 cent higher when defendant refused to deliver than it was when first conversation was had. According to this, the damage with interest was only $481.40.

J. A. LUSK, *contra.*—Demurrers were properly overruled.—86 Ala. 152; 116 Ala. 393; *McFadden v. Henderson,* 126 Ala. 221. The measure of damages is the difference between the agreed price and the market price at the time the cotton should have been delivered.—*Haralson v. Stein,* 50 Ala. 347; *Penn v. Smith,* 104 Ala. 449; 93 Ala. 476; *Young v. Curuton,* 87 Ala. 729; *Bell v. Reynolds,* 78 Ala. 511; *Buist v. Guice,* 96 Ala. 255. The seller cannot absolve himself from liability by reason of nondelivery by showing that the buyer was not ready to

pay for the goods if the seller is unable to deliver.—*Berry v. Bell,* 54 Ala. 446.

TYSON, J.—The 10th and 11th counts of the complaint, added by way of amendment, and upon which a recovery was had, shows that the recovery sought is by Bell, the plaintiff, as assignee of Knight, Henry & Company, a corporation, for the benefit of the creditors of that corporation, for the breach of a verbal agreement or contract for the sale of certain cotton by defendant to Knight, Henry & Company. One proposition raised by the demurrer to these counts is that Bell as assignee cannot sue in his own name on the contract alleged.

At common law choses in action with the exception of negotiable instruments, were held not to be assignable, unless the debtor assented to the assignment and promised to pay the assignee, in which case the assignee might maintain an action against the debtor on the express promise to pay.—*Goodwyn v. Lloyd,* 8 Porter, 240, Brickell's Digest, § 3 p. 124.

And in the early period of the administration of the common law, equitable titles acquired by assignment of non-negotiable choses in action were not recognized by courts of law and the remedy of the assignee was in equity. However, later, courts of law began to recognize the equitable rights of the assignee and, at the present time, though the assignee be afforded no aid by legislation, these courts will recognize the assignment and permit the assignee to enforce his rights by suing in the name of the assignor.—*Black v. Everett,* 5 S. & P. 60; *P. & M. Ins. Co. v. Tunstall,* 72 Ala. 148; 1 Brick. Dig. § § 56, 57, p. 127; 2 Brick. Dig. § 129, p. 338; 7 Ency. Pl. & Pr. pp. 732. 733.

The contract or agreement, the breach of which is relied upon for a recovery, is not for the payment of money either express or implied, and, therefore, not governed by section 28 of the Code of 1896 which requires the action, where such is the case, to be prosecuted in the name of the party really interested. Nor is it within the provisions of section 876 of the Code which authorizes the endorsee to maintain an action upon all bonds,

contracts and writings for the payment of money or other thing or the performance of any act or duty, assigned to him by endorsement.

The demurrer to the counts should have been sustained.—*Phillips v. Sellers*, 42 Ala. 658.

Reversed and remanded.

McCLELLAN, C. J., SIMPSON and ANDERSON, J.J., concurring.