# Smith *v.* Hilton.

## *Trover Against Constable.*

(Decided June 30th, 1906.  41 So. Rep. 747.)

1. *Justices of the Peace; Qualification; Void Acts.*—A justice of the peace whose term of office expired in August 1904, and who failed to give an official bond as required by General Acts 1903, p. 238, thus extending his term until the next general election, vacated the office, and an attachment issued by him after Sept. 10, 1904, was void.

2. *Sheriff's and Constables; Wrongful Attachments; Void Writ no Defense.*—A constable, under a void writ of attachment, levied upon certain property and delivered the same to plaintiff's landlord, who sold the property and applied the proceeds to an alleged indebtedness of plaintiff for rent. Held, even if plaintiff was indebted to his landlord in an amount exceeding the value of the cotton, such fact constituted no defense to an action of conversion against the constable.

[Smith v. Hilton.]

APPEAL from Geneva Circuit Court.

Heard before HON. H. A. PEARCE.

This is an action by A. H. Hilton against W. H. Smith, a constable, for the conversion by him of certain cotton alleged to belong to plaintiff. The facts necessary to an understanding of the opinion sufficiently appear therein.

ESPY & FARMER, for appellant.—The case of *Bodman v. Grisham*, 111 Ala. 194, is relied on by appellant to support his contention that evidence of the fact that appellee owed Blackmon, his landlord, more than the proceeds of the cotton as rent and that it was so applied, was admissible and a complete defense to the action.

R. P. COLEMAN, for appellee.—Blackmon had no right to replevy.—§ 555, code 1896; *Woolfork v. Ingram*, 53 Ala. 11. Testimony as to the application of the proceeds of the cotton to pay the landlord was inadmissible.—*Keith v. Hamm*, 89 Ala. 590; *Byrd v. Womack*, 69 Ala. 390, and cases therein cited.

HARALSON, J.—It seems to be admitted on both sides, that C. A. Hardwick, who issued the attachment in favor of K. Blackmon against the plaintiff in this case, A. H. Hilton, was not in fact a justice of the peace, at the time he issued such attachment. He had been a justice, whose term of office had expired, and he failed to give an official bond by the 10th of September, 1904, as required by act approved 17th September, 1903 (Gen. Acts 1903, p. 238), which act provides, that the failure to execute such bond by that date, vacated the office.

The attachment was issued, therefore, by a person not authorized, and it was of no more legal effect than if it had been issued by a private individual. The writ that was issued was void, and would not support a levy. On the motion of plaintiff, said Hardwick dismissed said attachment, as is stated in the bill of exceptions. This means nothing more nor less, than that said Hardwick repudiated said attachment, as having been inadvert-

ently and improperly issued by him, and that he would
have nothing more to do with the matter.

Before this action on the part of said Hardwick, the
constable, W. H. Smith, into whose hands the writ of
attachment went, turned the bale of cotton, on which he
had levied the writ, in to the hands of K. Blackmon,
who claimed an interest in the cotton levied on, upon
Blackmon giving him an indemnifying bond. The con-
tention between the plaintiff and Blackmon was, as ap-
pears by the bill of exceptions, that plaintiff had rented
land from Blackmon for the year 1904, at a stated rent,
and made a crop on it, for which, as he alleges, he paid
Blackmon, $60, which was all that he owed for rent of
the land. Blackmon, on the other hand, claimed that
plaintiff had not paid all his rent, but owed him more
on that account, than the bale of cotton was worth.
Therefore, Blackmon sold the bale of cotton and applied
the proceeds, as he contends, towards the payment of
the rent still owing by plaintiff to him.

Thereupon, plaintiff commenced this action in trover
against W. H. Smith, the constable, for the conversion
of said bale of cotton. The defendant filed the plea of
not guilty, and another plea, which is not set out in the
record proper, nor in the bill of exceptions, which plea
was, on motion of plaintiff, stricken out. Whether prop-
erly or improperly stricken, we are unable, and are not
called on to adjudge, since we are not informed of the
nature and character of said plea. The case was tried
on the plea of the general issue, and the court gave the
general charge for the plaintiff. It also instructed the
jury, that the measure of plaintiff's damages would be
the value of the cotton at the time of the conversion of
the same with interest from date of the conversion to
the time of the trial. These charges are assigned as er-
ror, and only the first is insisted on in argument.

As we have stated, the contention of defendant is,
that if plaintiff was indebted to Blackmon, his land-
lord, for a balance due on rents for 1904, and Black-
mon, after defendant delivered the cotton to him, sold
it, and applied the proceeds to that indebtedness, this
plaintiff could not recover in the case, if the value of

[Smith v. Hilton.]

the cotton sold did not exceed plaintiff's alleged indebtness to Blackmon. This is tantamount to saying, that if A., owes B. a debt the latter has the legal right to take possession of A.'s personal property, without his consent and dispose of it, and apply the proceeds of his sale to his debt without liability therefor.

In *Belser v. Youngblood,* 103 Ala. 545, 15 South. 863, we held, that when a tenant who has executed a mortgage on the crops grown on leased premises, sells a portion of such crops without instruction or authority of his landlord, the purchaser is liable in trover to the mortgagee, though the proceeds of the sale were paid to the landlord in payment of rent due him. It was there said, that a different rule, would sanction a dangerous precedent, and be contrary to the former rulings of the court.—*Keith v. Ham,* 89 Ala. 590, 7 Eouth. 234; *Bird v. Womack,* 69 Ala. 392; *Higgins v. Whitney,* 24 Wend. 380. In *Bird v. Womack, supra,* which was an action of trespass de bonis asportatis, it was held, that if the defendant, being a mere trespasser, has applied the property seized by him to the plaintiff's use, but without authority, and without plaintiff's consent, express or implied, this fact is not available to him in mitigation of damages, although the use to which the property was applied, was the satisfaction of a lien which a third party held thereon. In the course of the opinion it was said: "If defendants generally, were permitted to invoke such a defense, they would be encouraged in pragmatical interferences with the property of third persons, and, perhaps, to. such an extent as frequently to endanger the public peace. It is carrying the rule sufficiently far to accord this right of recoupment to parties who holds liens on property, which is the subject of conversion or trespass, and we are not inclined to extend its operation further, despite the hardship of the principle in many cases."

We find no error in the record, and the judgment below is affirmed.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.