# Reynolds, *et al. v.* Williams.

## *Attachment.*

(Decided June 13, 1907.   44 South. 406.)

1. *Attachment; Delivery of Property on Forthcoming Bonds; Lien.* —The fact that the court failed to render a judgment of sale of the property attached and replevied, when rendering judgment against defendant in the attachment proceeding, did not have the effect of releasing the attachment lien or to render void the act of the sheriff in returning the bond forfeited on the failure of defendant

and his sureties to return the propeprty within the 30 days, as conditioned in the bond, or to render void the act of the clerk in issuing execution thereon.

2. *Same; Liability on Forthcoming Bond; Waiver of Exemptions by Principal; Rights of Sureties.*—Where the attachment was levied upon the property of defendant and he executed a replevy bond with sureties for the forthcoming of the property, and in this bond waived all right of exemption, the sureties cannot set up the fact that the defendant and principal in the bond had filed his claim of exemption to the property levied on as a ground why supersedeas should be issued on the forfeiture of the replevy bond.

APPEAL from Conecuh Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Action by R. E. Williams against J. P. Reynolds and others From an order denying defendant's petition for a supersedeas, they appeal. Affirmed.

In June, 1904, the plaintiff, R. E. Williams, sued out an attachment against defendant in the circuit court of Conecuh county on an alleged demand for about $100, and caused the same to be levied by the sheriff upon certain lumber as the property of the defendant, who thereupon executed a replevy bond for the forthcoming of the property seized, with Charles B. Savage and Thomas Johns as his sureties on said bond, and the property attached was delivered to defendant Reynolds. The bond was conditioned, as usual, that, if the defendant failed in said attachment suit, he or his sureties would return the specific property to the sheriff within 30 days after judgment in said suit. He and his said sureties in said bond, to quote its language, "waived all right of claim of exemption we or either of us have now or may hereafter have under the Constitution and laws of the state of Alabama."

On the 13th of October, 1905, the plaintiff, Williams, obtained a judgment by consent of defendant in said circuit court for the sum of $80, and the sum of $63.80 as costs therein. On the same day the defendant filed with the sheriff his claim of exemption, claiming the

property described in the replevy bond as exempt to him according to law, which claim, as stated, is yet pending and undetermined in said circuit court. After the expiration of 30 days from the rendition of said judgment, the property levied on not having been sur-rendered, the sheriff returned said replevy bond as forfeited; and on the 1st of Febru'y, 1906, the clerk of said court issued an execution against defendant and his sureties, to be levied generally upon "the goods and chattels, lands and tenements, of said J. P. Reynolds, Charles B. Savage, and Thomas Johns." It does not appear, however, from the transcript, that this execution was ever placed in the hands of the sheriff, or that any levy had been made or attempted to be made by him thereunder.

The day after the purported issuance of the execution by the clerk the defendant and his said sureties filed a joint petition in said circuit court, addressed to the judge, for a supersedeas, asserting in substance that, inasmuch as there was no order of condemnation of the property seized, the act of the sheriff in returning the bond forfeited, and the act of the clerk in issuing said execution, was void, and praying the court to grant them a supersedeas restraining the sheriff of Conecuh county, or any other person acting under the authority of said execution, from levying the same against the property of petitioners until the matter could be determined according to law, and that his return be set aside and held for naught; that said sureties be forever relieved from the obligation of said bond; that the supersedeas be made perpetual, and the said execution be quashed and held of no force and effect.

Upon the presentation of this petition a temporary writ was issued, but upon final hearing the petition was denied and dismissed, and from this order the de

fendant and his sureties on the replevy bond appeal. They jointly assign as error the action of the court in dismissing the said petition.

RABB & PAIGE, for appellant. The execution of the replevy bond did not estop the defendant from claiming the property attached as exempt to him.—*Jordan v. Autrey,* 10 Ala. 76; *Daniels v. Hamilton,* 25 Ala. 105. The rendering of a personal judgment against defendant without condemning to sale the property attached, is a release of the attachment lien.—*Sannes v. Ross,* 105 Ind. 558; *U. S. M. Co. v. Hnderson,* 111 Ind. 422; *Smith v. Scott,* 86 Ind. 346; *Lowery v. McGhee,* 75 Ind. 508.

WALKER & LEIGH, and STEINER, CRUM & WEIL, for appellee. The fact that the judgment rendered was personal and did not condemn the property was not a release of the attachment lien.—*Betancourt v. Eberlin,* 71 Ala. 461; *Autrey v. Walters,* 46 Ala. 476; *Exchange Nat. Bank v. Clements,* 109 Ala. 270; *Berney Nat. Bank v. Pinckard,* 87 Ala. 577; *Sale v. French,* 61 Miss. 170. No demand was necessary for a return of the property before the return of bond forfeited and execution thereon.—Sections 555-6, Code 1896; *Rhodes v. Smith,* 66 Ala. 176. The claim of exemptions can exert no influence upon the case.

HARALSON, J.—Appellants' counsel state that there are two propositions for the consideration of the court on appeal. By this statement, and because they insist on only two alleged erroneous rulings of the court, we are justified in confining ourselves alone to these two.

First, it is insisted, because in rendering judgment against defendant, Reynolds, the court did not also ren-

der a judgment of condemnation to sale of the property attached and replevied, that this was a release of the attachment lien.

It might be a sufficient answer to this proposition to state that the replevy bond contains no provision of the kind. Its only provision in that respect is that the defendant and his sureties shall within 30 days after judgment in said suit, if the defendant shall fail in said action, return the specific property attached to the sheriff. Besides, there is no statute in this state requiring an order or judgment of condemnation of the property attached in the event of the failure of the defendant in the suit, in order to create an attachment lien. The defendant in this suit personally appeard, and consented to a judgment against himself, and the judgment rendered was one against him in personam. The property having been seized under attachment, a lien was thereby in legal effect created on the property, and it was brought under the jurisdiction of the court.—*Berney v. Pinckard,* 87 Ala. 577, 6 South. 364.

Section 562 of the Code of 1896 provides: "If the defendant appears and pleads, the cause proceeds as in suits commenced by summons and complaint; if he fails to appear, or appearing, fails to plead within the time required by law, the plaintiff may take judgment by default or nil dicit, and may execute a writ of inquiry." Here, as seen, he appeared, and consented to a judgment against himself, which was properly rendered against him in personam. Section 570 provides: "If the judgment of the plaintiff is not satisfied by the property attached, or by the garnishee, execution must issue which may be levied on, and satisfied by any property of the defendant; and the plaintiff may proceed to a sale of the property attached by a venditioni exponas, or by any ordinary writ of execution." Where the defendant

is a resident and has had personal service, it is held that an attachment is not a proceeding in rem, but is personal against the defendant, and the judgment is not merely one of condemnation of the property attached, but is personal and general, as in a suit commenced by summons and complaint.—*Betancourt v. Eberlin,* 71 Ala. 462; *Rhodes v. Smith,* 66 Ala. 175. "The levy and judgment give the perfect lien, not to the final process for its enforcement if necessary, a venditioni exponas may yet be sued out." He could have had this for the asking, and the lien is not waived or forfeited by suing out a fi. fa., instead of a venditioni exponas, to enforce it.—*Berney National Bank v. Pinckard,* 87 Ala. 577, 583, 6 South. 364.

The issuance of execution was certainly proper, and was not, as contended, a release of the attachment lien.

Counsel for appellants cite cases from the Indiana court to sustain their contention, but an examination of those authorities makes it appear that a statute in that state makes it necessary that there shall be an order of condemnation or sale of the property attached, and a special execution, in order to create the lien on the property attached for the payment of the personal judgment rendered against the defendant. The language of the decision is: "No lien created by issuing and levy of an attachment under our statute, can exist or have any force or effect after judgment has been rendered in the cause, in aid of which it has been issued, unless there has been a special judgment or order of sale of the property attached, and a special execution."—*Lowry v. McGee,* 75 Ind. 510, and cases there cited.

The other point raised is that of the defendant's claim of exemption. This claim, however, cannot have the effect to render the ruling of the court denying the supersedeas erroneous, since the replevy bond contained a

provision waiving all right of exemption, and there is no denial of this fact. Having waived their exemptions in the bond, the defendant and his sureties, cannot set up the claim of exemptions filed by the defendant, Reynolds, as a reason why the court should have granted their supersedeas. So far as it went, it was a striking reason why the supersedeas should not have been granted.

Affirmed.

TYSON, C. J., and DOWDELL and DENSON, JJ., concur.