# Hood, et al. v. Com. Germania T. & S. Bank of New Orleans.

## Assumpsit.

(Decided November 26, 1914. Rehearing denied December 17, 1914. 67 South. 721.)

1. *Carriers; Bill of Lading; Transfer; Title of Goods.*—Where the consignor of goods draws upon the consignee, and the draft with the bill of lading attached is endorsed or transferred to one who discounts the draft, a special property in the goods passes to the transferee, subject to be divested by the acceptance and payment of the draft, but becoming absolute if the consignee refuses to accept.

2. *Same; Levy and Seizure; Trespass.*—Where the consignee refuses to accept the goods or pay the draft, a levy on and seizure of the goods by the sheriff in a suit by the consignee against the consignor was a trespass as against the party discounting the consignor's draft, who as transferee of the bill of lading had title to the goods.

3. *Same; Action Against Consignee.*—An action of trespass against the consignee of goods, and the sheriff who levied on them at the instance of the consignee, in his suit against the consignor, could not be maintained in any other name than that of the party who had discounted the draft of the consignor with bill of lading attached for the goods, and who had become owner of the goods at the time of the trespass, although the consignor had repaid the amount paid for the draft; such owner could not, either by a sale or a transfer or surrender of the bill of lading, or of the property represented by it or the draft, confer upon another its right of action for the trespass, but at most could confer only a right to prosecute said action in its own name.

[Hood, et al. v. Com. Germania T. & S. Bank of New Orleans.]

4. *Attachment; In Rem; Judgment In Personam; Property Subject.*—Where the consignee of goods refuses to accept them or to pay the consignor's draft, and the consignee begins suit against the non-resident consignor by attachment under which the goods were seized and sold for $85.00, which was applied on consignee's judgment for $750.00, the judgment was a judgment in rem and not in personam, and had no effect except to subject the property seized under the attachment, and beyond that furnished no evidence that the consignor was indebted to the consignee.

5. *Same; Damages.*—Where under the law and the evidence the plaintiff was entitled to nominal damages at least, the court properly directed a finding for the plaintiff.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Action by the Commercial Germania Trust & Savings Bank of New Orleans against Horace Hood, as sheriff, and others. Judgment for plaintiff and defendants appeal. Affirmed.

WALTON H. HILL and BALL & SAMFORD, for appellant. Only a special property in the goods passed to the plaintiff in this case, subject to be divested by the acceptance and payment of the draft.—*American Nat. Bk. v. Henderson*, 123 Ala. 612; 4 A. & E. Enc. of Law, 548; *Cosmos Cotton Co. v. First Nat. Bk.*, 171 Ala. 392; 119 U. S. 551. Any damage or injury that was sustained was sustained by the Stafolife Co. and not by the appellee, and hence the bank cannot maintain this action. —*Harris v. Russell*, 93 Ala. 59.

STEINER, CRUM & WEIL, for appellee. Appellee was the owner of the property represented by the railroad bill of lading, and had the legal title thereto.—*Cosmos Co. v. First Nat. Bank*, 171 Ala. 395; *Am. Nat. Bank v. Henderson*, 123 Ala. 612. Appellee, under the facts as shown, was entitled to maintain the action of trespass. —*Dunlap v. Steel*, 80 Ala. 424; *Carter v. Fulgham*, 134 Ala. 238; *Perry v. Williams*, 148 Ala. 468. The fact that appellee had been reimbursed by the drawer of the

[Hood, et al. v. Com. Germania T. & S. Bank of New Orleans.]

draft was no bar to the action, nor would it mitigate the damages.—*Byrd v. Womack,* 69 Ala. 390; *Keith & Sons v. Ham,* 89 Ala. 590; *Carpenter v. Going,* 20 Ala. 587; *Smith v. Hilton,* 147 Ala. 642; *Grisham v. Bodman,* 111 *Long v. Railway Co.,* 170 Ala. 635; *Bachelder v. Morgan,* 60 South. 815. The judgment rendered in the attachment suit by the circuit court of Montgomery county is void and of no effect, and the levy made in said attachment proceedings was likewise void.—*Wilmerding v. Corbin Bank Co.,* 126 Ala 268. The judgment in the attachment suit by the circuit court of Montgomery county, if valid, is only operative against the property levied upon, and is not a personal judgment. There was no judgment of condemnation, but an execution issued on the judgment. This was a waiver of the levy of the attachment, and a right to the property levied on by virtue thereof.—*Exchange Nat. Bank v. Clement,* 109 Ala. 270; *Reynolds v. McWilliams,* 152 Ala. 488; *Palace Car Co. v. Harrison,* 122 Ala. 149. The amount of damages awarded was the proper measure.—*Leinkauf v. Morris,* 66 Ala. 406; *Stix v. Key,* 85 Ala. 455; *Pollock v. Gantt,* 69 Ala. 373. Appellees, other than the sheriff, having given an indemnity bond, are liable as co-trespassers.—*Leinkauf v. Morris,* 66 Ala. 406. The attachment proceedings and writ from the circuit court of Montgomery county were admissible, but not for the purpose of establishing the indebtedness claimed by the Belser Grocery Company, the attaching creditor, against the Stafolife Company, the debtor in attachment.—*Shealy v. Edwards,* 75 Ala. 411.

THOMAS, J.—The Stafolife Feed & Milling Company, who are located and engaged in business at New Orleans, La., shipped to Belser Grocery Company at Montgomery, Ala., a car load of feed, drawing a draft

33 CA

on the latter for the purchase price thereof, payable on arrival of the goods. Accompanying the draft was a railroad bill of lading, consigning the shipment "to the order of Stafolife Feed & Milling Company; destination, Montgomery, Ala.; notify Belser Grocery Company." The draft was drawn in favor of, and the bill of lading was indorsed to, the appellee (the Commercial Germania Trust & Savings Bank), a banking institution at New Orleans, who discounted the draft by placing the amount of it, less discount and exchange, to the credit of said Stafolife Feed & Milling Company, who checked it out in the usual course of business. The appellee, after so discounting it, forwarded the draft with the bill of lading attached to a Montgomery bank for collection. Upon presentation of same by the latter to the drawee (the said Belser Grocery Company), payment was refused, and the last-named company thereupon, before the car of feed could leave Montgomery, sued out a writ of attachment against the nonresident shipper, the said Stafolife Feed & Milling Company, for an alleged indebtedness growing out of a previous transaction between them, and caused said writ to be levied upon said car load of feed, which was subsequently sold by order of the court and proceeds applied in part payment of the judgment obtained in the suit. The appellee, said Commercial Germania Trust & Savings Bank, interposed no claim to the property, but brings the present action in trespass against the sheriff, who seized it, and against the plaintiff in that suit, who directed its seizure, and the sureties on his indemnity bond.—*Lienkauf v. Morris*, 66 Ala. 406.

If the matter rested here, the plaintiff's right to recover is clearly settled by the decisions of the Supreme Court, which hold that "when the consignor draws upon the consignee for the purchase money, and the draft, the

bill of lading attached, is indorsed or transferred to some one who discounts the bill of exchange, a special property in the goods thereby passes to the transferee, subject to be divested by the acceptance and payment of the draft"; but, if the consignee refuses to accept, the title of such transferee becomes absolute.—*American Nat. Bank v. Henderson,* 123 Ala. 614, 26 South. 498, 82 Am. St. Rep. 147; *Tishomingo Savings Bank v. Johnson,* 40 South. 503; *Cosmos Co. v. First Nat. Bank,* 171 Ala. 395, 54 South. 621, 39 L. R. A. (N. S.) 1173, Ann. Cas. 1913B, 42; *Veitch v. Atkins Gro. & Com. Co.,* 5 Ala. App. 454, 59 South. 746.

It was not so divested in this case, as seen; and, consequently, the levy upon and seizure of the property was unquestionably a trespass as against the appellee, in whom, as the transferee of the bill of lading, reposed the title.—Authorities supra. It appears, however, that after the commission by the defendants here of the mentioned tort, but before the appellee brought this action for its redress, the Stafolife Feed & Milling Company, the drawers of the draft, did, in recognition of their liability as such drawers, reimburse the appellee upon demand the amount it paid them for the draft, with an understanding that the appellee was to bring this suit at their expense and pay to them whatever sum was recovered and collected. These last-named facts form the basis of the defendants' (appellants') insistence here, which is as follows:

(1) That as a result of the repayment by the drawer to the appellee of the amount the latter paid for the draft, the latter's title to and interest in the bill of lading and the property which it represented, and all rights of action with respect to it, held as security for such repayment, ceased and terminated eo instante upon such repayment, and that consequently such repayment de-

stroyed, before this suit was brought, appellee's right to maintain the action.

(2) That, even if this contention be not true, and even if it be true that the appellee has the right to prosecute this action, it does so, under the facts as stated, merely as a nominal plaintiff—the real plaintiff being the Stafolife Feed & Milling Company, for whose benefit the suit was in fact brought—and that, consequently, the defendants have a right to set off against the action all claims and demands that they could under the law have set off against the Stafolife Feed & Milling Company in the event the suit had been brought in the latter's name.

Answering these contentions in the order as stated, it may be said with respect to the first that the rules of the common law designed to prevent champerty and maintenance, and which have not been modified here in the particular now under consideration, forbid that this action, which, as seen, is for a trespass in taking personal property, should be brought in any other name than that of appellee, its owner at the time of the commission of the trespass. The appellee could not, by either a sale, a transfer, or a surrender of the bill of lading, or of the property represented by it, or of the draft, confer upon another its right of action for the mentioned tort, but at most could confer only a right to prosecute such action in its own name.—*Dunklin v. Wilkins,* 5 Ala. 199; *Pearson v. King,* 99 Ala. 125, 10 South. 919; *Hinton v. Nelms,* 13 Ala. 222; *Foy v. Cochran,* 88 Ala. 353, 6 South. 685; *Long v. Kansas City, M. & B. R. R. Co.,* 170 Ala. 638, 54 South. 62. Hence, however the case be, the suit was properly brought in the name of appellee.

As to whether or not a set-off, if one existed in favor of the defendants against the Stafolife Feed & Milling

Company at the commencement of this suit, would be allowable in defense of the action (as bearing on which question, see *Bird v. Womack,* 69 Ala. 390; *Keith v. Ham,* 89 Ala. 590; *Smith v. Hilton,* 147 Ala. 642, 41 South. 747; Code, § 5858, and cases cited), we need not and do not consider, for the reason that there is no evidence, and none was offered, showing or tending to show the existence at such time or at any other time of any claim, debt, or demand of any character on the part of either of the defendants against said milling company.

It is true that from the agreed statement of the facts it appears that there was in evidence the whole of the record and proceedings in the attachment case hereinbefore mentioned, which record showed, among other things, a judgment rendered in that suit against said milling company for $750 in favor of the Belser Grocery Company, one of the defendants here, and showed the return of the sheriff disclosing that the proceeds of the said property so seized and sold under the attachment paid only $85.75 on that judgment, thereby leaving a large balance unpaid; yet the record further showed that this judgment was predicated upon said attachment against a nonresident, who was not served with process and was brought in only by publication. The judgment was, therefore, one in rem, and not one in personam, and had no efficacy beyond its power to bind and subject the property seized under the attachment, and beyond this it furnished no evidence that said milling company was indebted to said Belser Grocery Company. —*Exchange Nat. Bank v. Clement,* 109 Ala. 270, 19 South. 814; *Reynolds v. Williams,* 152 Ala. 488, 44 South. 406; *Palace Car Co. v. Harrison,* 122 Ala. 149, 25 South. 297, 82 Am. St. Rep. 68.

We are consequently of opinion that the court did not err in giving the general affirmative charge for appel-

lee, as under the law and the undisputed evidence the appellee, as plaintiff below, was entitled to recover at least nominal damages. Whether more or not, we need not consider, since the appellants agreed in open court for the court to charge the jury that, if plaintiff was entitled to recover at all, it was entitled to recover $592, the amount for which the jury returned a verdict.

It follows that the judgment appealed from is affirmed.

Affirmed.

(NOTE: This cause was affirmed on certiorari by the Supreme Court.—Reporter.

