(77 South. 940)

### OWENSBORO BANKING CO. v. BUCK.
(6 Div. 277.)

(Court of Appeals of Alabama. Feb. 5, 1918.)

1. CARRIERS &#9758;58 — TRANSFER OF BILL OF LADING—TITLE TO GOODS.

Consignors shipped a carload of flour to themselves, order notify grain company at B. They took a standard bill of lading for the same, and on the same day drew a draft payable to themselves for the amount. The draft, properly indorsed with the bill of lading attached, was deposited by them with a bank, which gave credit for the amount of draft less exchange. At the time the consignor was indebted to the bank in a large amount, part of which matured the following day, when the proceeds of the draft and some other funds were applied to the part payment of the matured debt. Later a third party attached the flour in aid of a suit pending against the consignors for an alleged breach of contract. Held, that the flour was not subject to attachment, as special property in the same passed to the bank, subject to be divested only by the acceptance and payment of the draft of the consignee.

2. APPEAL AND ERROR &#9758;1008(3) — REVIEW—FINDINGS—DOCUMENTARY EVIDENCE.

The rule that, where evidence is given ore tenus, the appellate court will not reverse the finding of the trial court unless clearly convinced that it is wrong is without application, where the evidence is documentary or without practical dispute.

Appeal from City Court of Bessemer; J. C. B. Givin, Judge.

Suit by F. B. Buck against the Bransford Mills of Kentucky, in which the Owensboro Banking Company filed a claim for property attached. From a judgment holding the property subject to attachment, the Banking Company appeals. Reversed and rendered.

Thomas T. Huey, of Bessemer, for appellant. Estes & Jones, of Bessemer, for appellee.

BRICKEN, J. [1] The Bransford Mills of Kentucky shipped a carload of flour to themselves, order notify T. D. Lewis Grain Company, at Bessemer. They took a standard bill of lading for same, and on the same day drew a draft payable to themselves for $630, and, with the bill of lading attached, deposited said draft and bill of lading, indorsed "Bransford Mills, by N. M. Waltrip, Secretary," with the Owensboro Banking Company, getting credit with that institution for the amount of draft, less exchange. The Owensboro Banking Company indorsed the draft and sent it and the bill of lading to the United Savings Bank at Bessemer for collection. This transaction took place on May 5, 1915, and at that time the Bransford Mills was indebted to the Owensboro Banking Company in a large amount, part of which, to wit, $2,000, matured May 6, 1915. On May 6, 1915, the proceeds of this draft and some other funds were applied to a part payment of the matured debt. On May 11, 1915, F. B. Buck (appellee) attached the carload of flour, in aid of a suit pending against the Bransford Mills, for an alleged breach of contract. Being notified of the attachment, on May 15, 1915, the Owensboro Banking Company filed claim to the carload of flour, and this appeal is from the judgment of the lower court finding the flour subject to the attachment.

The facts above stated appear without dispute, most of them being derived from answers to interrogatories propounded and crossed by the parties hereto. The cause was tried by the court without a jury.

[2] While the rule is that, on evidence given ore tenus, the appellate court will not reverse the finding of the trial court, unless clearly convinced that it is wrong and unjust, yet where the evidence is documentary, or without practical dispute, this rule is without application. Hackett v. Cash, 196 Ala. 403, 72 South. 52. "Cessante ratione legis, cessat et ipsa lex." Bank of Montgomery v. Plannett's Adm'r, 37 Ala. 226,

Except for the character of the action, there is very little to differentiate this case from the case of Hood v. Commercial Germania Trust & Savings Bank, 12 Ala. App. 511, 67 South. 721. This case was affirmed by the Supreme Court on application for certiorari. Here the case is even stronger, for under our statute, a claimant may prevail upon an equitable title. It has been uniformly held that:

"When the consignor draws upon the consignee for the purchase money, and the draft, the bill of lading attached, is indorsed or transferred to some one who discounts the bill of exchange, a special property in the goods thereby passes to the transferee, subject to be divested by the acceptance and payment of the draft; but, if the consignee refuses to accept, the title of such transferee becomes absolute." Hood et al. v. Com. Germania T. & S. Bank, supra; American National Bank v. Henderson, 123 Ala. 614, 26 South. 498, 82 Am. St. Rep. 147; Tishomingo Savings Bank v. Johnson, 40 South. 503;[1] Cosmos Co. v. First

---

[1] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in 146 Ala. 691.

---

Nat. Bank, 171 Ala. 395, 54 South. 621, 32 L. R. A. (N. S.) 1173, Ann. Cas. 1913B, 42; Veitch v. Atkins Grocery & Com. Co., 5 Ala. App. 454, 59 South. 746.

Under the authority of the cases cited supra, the judgment of the lower court must be reversed, and judgment here rendered for the claimant.

Reversed and rendered.