(85 South. 480)

**SPURGEON & DOZIER CO. v. McCALL.**
**(6 Div. 52.)**

(Supreme Court of Alabama. May 13, 1920. Rehearing Denied June 30, 1920.)

1. **Assignments** ⊜121—**Complaint showing plaintiff to be merely assignee of cause of action for conversion held demurrable.**

Complaint, alleging that defendant converted goods owned by third party, that plaintiff acquired the third party's interest in the goods subsequent to conversion, and that plaintiff owned the cause of action against defendant, *held* demurrable, in that it showed on its face that plaintiff was the assignee of a mere cause of action on which he could not sue in his own name, under Code 1907, § 2489.

2. **Pleading** ⊜34(4)—**Complaint construed against pleader on demurrer.**

Complaint must be construed against pleader on demurrer.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Action by J. G. McCall against the Spurgeon & Dozier Company, a partnership, for breach of contract. Judgment for the plaintiff, and the defendant appeals. Reversed and remanded.

Count B of the complaint is as follows:

Plaintiff claims of the defendant the sum of $4,000 as damages for that heretofore, to wit, a short time prior to November 6, 1916, plaintiff had purchased for the Napier-McCall Company, at that time a corporation, and of which plaintiff was a stockholder and an active officer, from Henry F. Allen, San Francisco, Cal., two cars of blackeyed peas comprising, to wit, 999,921 pounds, for and at the price of $4,771.12, plus the freight rate to Birmingham, Ala., said peas to be shipped to said Napier-McCall Company at said Birmingham, drafts for the price of each car to be attached to the bills of lading of said cars and drawn on Napier-McCall Company, and sent to Birmingham for collection; that it was the agreement that, when the said drafts and bills of lading were presented to Napier-McCall Company, they were to pay same and thereby receive the bills of lading, and after paying the freight charges take charge of said peas; that the Napier-McCall Company at that time was engaged in a general brokerage business and jobbing business, and was engaged in buying and reselling staple products needed on the market, which fact was known to the defendant; that the aforesaid peas were duly consigned and shipped to said Napier-McCall Company at Birmingham, and drafts on it for the price of the peas attached to the bills of lading sent to Birmingham for collection; and that said peas and drafts arrived in Birmingham on or about November 6, 1916. Plaintiff avers: That on or about November 6, 1916, when said drafts and said peas had reached Birmingham, he, acting for and on behalf of Napier-McCall Company, and the defendant, entered into the following oral agreement: That the defendant should pay the drafts and freight charges, store the peas in a warehouse, and hold same until they mutually agreed to sell, and to divide between themselves the profits received from the sale, after deducting all expenses, including the price of the peas; and to share equally between themselves any loss resulting. That after making said agreement the plaintiff surrendered to the defendant the invoices for the said cars of peas, the possession of which invoices being all that was necessary to allow defendants to take up said bills of lading and obtain possession of said peas.

Plaintiff avers that no sooner than defendant had made the foregoing agreement and getting possession of said invoices, he conceived the idea and scheme of obtaining a one-half the profits to be derived from said peas without paying the drafts and freight charges as he had agreed to do, and the scheme of depriving Napier-McCall Company, a corporation, of any interest in said peas, and in furtherance of his scheme he, under promise to divide with him one-half of the profits resulting from a resale of said peas, procured one Charles F. Willen to pay the said drafts and freight charges and store said peas in the name of the Southeastern Brokerage Company, a firm of which said Willen was a partner. Plaintiff avers that, in causing said peas to be delivered to said Willen, the defendant willfully or wantonly and with reckless disregard of the rights of the Napier-McCall Company in and to said peas, and for the purpose of causing it to lose all interest it had in said peas, was guilty of a conversion of said peas which were the property of said Napier-McCall Company; and plaintiff avers that since said conversion he has legally acquired all the rights and interests of the Napier-McCall Company in and to said peas, and said peas are now his property, and he owns the cause of action against the defendant, and plaintiff claims punitive damages.

Ground of demurrer No. 24 is as follows:

It affirmatively appears that this is a cause of action for the conversion of goods which cause of action belonged to Napier-McCall Company and could not be assigned to plaintiff so as to enable him to bring this cause of action.

Count 1 alleged the same facts as count B, except it is alleged that Spurgeon & Dozier Company through H. M. Dozier has resold the peas at a large profit and refuses to account to plaintiff for his share of the profits.

David J. Davis, of Birmingham, for appellant.

The assignee of a cause of action cannot bring it in his own name in a court of law. 138 Ala. 650, 35 South. 694; 38 South. 259; 12 Ala. App. 511, 67 South. 721; 5 Ala. 199.

Counsel discusses other assignments of error, but in view of the opinion it is not thought necessary to here set them out.

Edgar Allen, of Birmingham, for appellee.

The plaintiff had a right to bring the suit in his own name for several reasons. 5 Ala. 424; 5 Ala. 199; 9 Port. 472; 13 Ala. 222; 198 Ala. 162, 73 South. 451; 152 Ala. 619, 44 South. 591. The beneficial person must always sue under the code procedure. Section 2490, Code 1907; 163 Ala. 161, 50 South. 940; 177 Ala. 327, 58 South. 313, Ann. Cas. 1915A, 987; 184 Ala. 601, 64 South. 44.

ANDERSON, C. J. [1, 2] Count B of the complaint shows upon its face that the plaintiff is suing for a tort or wrong committed against the Napier-McCall Company before its claim was assigned to him. In other words, it shows that the plaintiff is the assignee of a mere cause of action or chose in action and not of a promissory note, bond, or other contract, express or implied, for the payment of money as would authorize a suit in his own name under section 2489 of the Code of 1907. The count discloses in the plaintiff a mere equitable right which he could enforce only by suing in the name of his assignor. Snead v. Bell, 142 Ala. 449, 38 South. 259; Hood v. Commercial Bank, 12 Ala. App. 511, 67 South. 721, and cases there cited. The case of Hinton v. Nelms, 13 Ala. 222, is not in conflict with, but recognizes the rule declared in the cases supra, and merely authorized suit there upon the idea that there was a transfer of the property and not of a chose in action, and that the vendor had no notice of an adverse holding, and said case involved an action of detinue for the property and not one for the conversion of property. Whether said case harmonizes with the later cases of Foy v. Cochran, 88 Ala. 353, 6 South. 685, and Huddleston v. Huey, 73 Ala. 215, as to the right of the vendee to sue for property adversely held when he acquired his claim, we need not determine, as said Nelms Case fully recognizes the rule here invoked. Count B was subject to the defendant's twenty-fourth ground of demurrer, and which the trial court erroneously overruled. Count 1, while not so patently defective as count B, when construed against the pleader upon demurrer as must be done, was likewise defective.

It is sufficient to say, for the purpose of another trial, that the foregoing principle will prevent the plaintiff's recovery in his own name upon the other counts which may not present a demand within the influence of section 2489 of the Code, if the question is properly pleaded, notwithstanding the said counts may not disclose the facts, as the evidence shows that he acquired a mere chose in action under the assignment from the Napier-

McCall Company. The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.

<hr>

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes