N. B. FINCH and W. W. RICHARDSON, Partners, trading as Finch, Richardson & Co., v. JOSEPH GREGG, Defendant, and SEY-MOUR-DANNE CO., Interveners.

(Decided March 13, 1900.)

*Damages—Attachment—Draft with Bill of Lading Attached Thereto—Amendment—Intervening Parties—Shipper —Purchaser—Assignee of Bill of Lading and Draft Liability and Rights.*

1. Where in the Justice's Court interveners ask to be allowed to come in and be made parties-defendant in attachment proceedings, which is allowed, it is permissible in the Superior Court, on appeal, to allow an amendment of the attachment proceedings by making the interveners parties-defendant *ab initio*.

2. Where the shipper assigns the bill of lading with draft attached upon the purchaser, the assignee takes the contract of the shipper and stands in his shoes, with the same rights, no greater, no less. The rights of the purchaser are not impaired or disturbed by the change of ownership in the property, and they have the same defenses against the assignee as against the shipper.

3. While the purchaser could not attach the property (a carload of corn) as the property of the shipper, after the assignment of bill of lading, he could attach it as the property of the assignee, who assumed the liability of the shipper for safe delivery in good condition.

CIVIL ACTION for $200 damages for breach of contract in failing to deliver *in good condition* 848½ bushels of *good corn*, after payment for same, instituted in the Justice's Court, with attachment proceedings, and heard before *Hoke, J.,* at Fall Term, 1899, of NASH Superior Court on appeal. The action and attachment were originally commenced against Gregg alone, a non-resident, who sold the corn to plaintiffs. The draft with bill of lading attached, he sold to Seymour-

Danne Co., a banking house, who collected the draft—they asked and were allowed to be made parties-defendant in the Justice's Court, where judgment was rendered against them and Gregg, and both appealed to Superior Court. His Honor allowed an amendment inserting their names as parties-defendant in the action from the beginning.

To which Seymour-Danne Co. excepted.

It was agreed that the case on appeal from the Justice's Court contained the facts. His Honor affirmed the judgment of the Justice, and the defendants appealed to the Supreme Court.

The opinion contains a succinct statement of the facts.

*Mr. Jacob Battle,* for appellant.
*Messrs. Cooke & Cooley,* and *F. S. Spruill,* for appellees.

CLARK, J. In January, 1899, the defendant Gregg, in Chicago, Ill., sold to plaintiffs, Finch, Richardson & Co., at Springhope, N. C., a carload of "good corn." Said Gregg drew a draft on plaintiffs for the price of the corn, and sold it to the Seymour-Danne Company, to which was attached the bill of lading, which was made out to his order, and which he assigned by endorsement to the purchasers of the draft. The plaintiffs paid said draft, but the carload of corn was injured, and the damages sustained thereby is the ground of plaintiff's action. *Love v. Miller,* 104 N. C., 582.

In May, 1899, the defendant Gregg sold another carload of corn to Finch, Richardson & Co., Springhope, N. C., and also a carload to Woodard & Copeland at the same place. As with the January shipment, the bills of lading were made out to the order of shipper, who endorsed them to Seymour-Danne Co., with a draft attached, drawn on the purchasers in Springhope. On arrival the two carloads were attached

12——126

before a Justice of the Peace (the amount claimed being less than $200) for the damages above stated, as sustained on the January shipment.    To this proceeding Joseph Gregg alone was defendant, but the Seymour-Danne Co. appeared before the Justice of the Peace, through their attorney, and were "allowed to make themselves parties-defendant and interven-ing they defended said action."    In the Superior Court on appeal, the plaintiffs were allowed to amend the attachment proceedings by making the Seymour-Danne Co. parties thereto.

When the bill of lading, payable to order of shipper, was assigned by him, for value (i. e. cashing of draft upon pur-chaser, attached), to the Seymour-Danne Co., the latter be-came owners of the corn, as against all the world except the shipper, as to whom the assignment was a security for the amount of the draft.    *Dows v. Bank,* 91 U. S., 618; Daniel on Neg. Inst., sec. 1734a.    Upon the arrival of the corn shipped in May, at Springhope, Gregg had no interest therein which could be attached (*Emery v. Bank,* 25 Ohio St., 360), unless, possibly, it had been shown that the amount to be paid for the corn was greater than the amount for which the Sey-mour-Danne Co., held the bill of lading as security—but that point does not arise here.

But when the Seymour-Danne Co., took the bill of lading on both occasions equally they took the contract of the shipper, and they stood in his shoes, with the same rights, no greater, no less.    *Bank v. Bank,* 91 U. S., 92.    The rights of the pur-chasers, the plaintiffs, "were not impaired or disturbed by the change of ownership in the property."    They have the same defenses against the assignee of the bill of lading as against the shipper.    *Bank v. White,* 65 Mo. App., 679.

When the January carload arrived, the plaintiffs could

either have refused to receive and pay for the corn, or they could have received it upon notification of defects to the vendor in a reasonable time, have offered to return the goods, or, if sued for the price, have set up loss by reason of such defects. *Kester v. Miller Bros.,* 119 N. C., 475; *McKinnon v. McIntosh,* 98 N. C., 89. But here the corn being shipped on a bill of lading, with draft attached, the vendee was compelled to pay upon the delivery of the corn (if it was otherwise, liberty to inspect should have been shown), and an action lays to recover back money paid for defects in the corn, unless the claim was waived by delay to demand damages from January till this attachment in May. *Lewis v. Rountree,* 78 N. C., 323.

Whether there had been a waiver was an issue of fact for the jury, to have been proven by the party alleging it. Both parties have agreed upon the facts as set out in the Justice's return, and no waiver is therein found. The plaintiffs had therefore the same ground of action for damages against the Seymour-Danne Co. for the defects in the January carload that they would have had against their assignor, Gregg, and on the arrival of two carloads in May, likewise assigned to Seymour-Danne Co., while plaintiffs could not attach them as the property of Gregg nor for damages due by Gregg, they could attach said carloads as the property of Seymour-Danne Co., and for the damages sustained by delivery of a defective carload of corn to them by that company in January. *Landu v. Lattin,* 46 S. W. Rep., 48, which we find a very clear and able discussion of a case "on all fours" with this.

It is true the action was originally begun against Gregg alone, which could not be sustained as no jurisdiction as to him was obtained by attaching the two carloads of grain which by the assignment of the bills of lading had become the prop-

erty of the Seymour-Danne Co., but the latter came in and were made parties before the Justice, by which the court was seized of jurisdiction as to them, and on appeal, the Judge properly permitted the attachment proceedings to be amended to embrace them, as they were already parties and claiming an interest in the subject matter of the action. Code, sec. 184. The entry before the Justice was, as the Judge found, of a general appearance by the Seymour-Danne Co., but if it had been an appearance merely "as intervenors" to contest the title to the property, it would not have been an unauthorized change of the action, in a proceeding *quasi in rem,* by attachment of property, to permit the plaintiffs to amend their attachment to embrace the same cause of action against the intervenors as they had averred against the original defendant. Why turn the property loose to be again attached by the same plaintiffs, for the same cause of action *eo instanti* it is determined that these defendants (or intervenors, if such), are the real owners of the attached property instead of the original defendant? The judgment must be modified by dismissing the action as to Joseph Gregg, who entered a special appearance, with his reasonable costs, but as to the Seymour-Danne Co., it is

Affirmed.