Tolerton & Stetson Company v. Anglo-California Bank, Limited, Appellants.

**Warranty by Seller:** *Liability for breach on part of one who buys his draft with bill of lading attached.* A bank purchasing a draft from the consignor of merchandise with bill of lading attached, after collecting the full amount of the draft, is not liable to the purchaser of the goods for a breach of warranty made by the consignor; for, after the holder of a negotiable draft has secured payment from the drawee, he is unaffected by equities originally existing between the drawer and drawee.

**Ownership of Draft:** EVIDENCE. In an action by a buyer to recover of an assignee of a draft with a bill of lading attached for breach of warranty of the seller of merchandise, the assignee's allegation of ownership, and the presentation of another draft, payable to its order, with a bill of lading attached, showing its shipment, is sufficient to show ownership of the draft.

*Appeal from Woodbury District Court.*—Hon. George W. Wakefield, Judge.

Thursday, January 17, 1901.

The petition originally filed in this case asked, briefly, for damages on account of a breach of warranty in the sale of merchandise. Later a substituted petition was filed, setting up the cause of action in a more extended form, as follows: [Plaintiff is a corporation engaged in the wholesale grocery business at Sioux City, Iowa. Defendant is a banking corporation whose principal place of business is in San Francisco, Cal. During the summer of 1897 plaintiff purchased a car of canned goods from the California Canneries Company, of San Francisco, under a warranty that the goods should be equal in quality to certain samples shown. The Canneries Company delivered said goods to a railway company at San Francisco, taking a bill of lading therefor, in which defendant bank was named as consignee at Sioux City. This bill of lading was by defendant bank attached to a draft in its favor drawn by the Canneries Company on plaintiff for the price of said goods. The car of goods came in the course of transit into possession of the Sioux City & Pacific Railroad Company, and was by it delivered to plaintiff, who paid to said railroad company the price of said merchandise, which sum was paid over by the latter to defendant bank. Plaintiff relied on the warranty in receiving the goods, and thereafter found such goods inferior in quality to the samples. Plaintiff notified the Canneries Company of the breach of warranty, but nothing was done by the latter to rectify matters. It is further alleged that defendant is the assignee of the order for the purchase of said goods, and as such is bound by the warranty of the Canneries Company, and asks judgment against it for the damages caused by such breach. Defendant admits that it purchased the draft and bill of lading from the Canneries Company, but puts in issue the other

allegations of petition, save as to the sale and shipment of the goods in question. It also sets up some special matters of defense, which we deem it unnecessary to notice. A jury was waived, and trial had to the court. From a judgment in plaintiff's favor, defendant appeals.—*Reversed.*

*Francis A. Brogan, A. C. Strong* and *C. N. Sterry* for appellant.

*Shull & Farnsworth* for appellee. ...

WATERMAN, J.—The facts, so far as we have to consider them, under the issue upon which we make the case hinge, may be accepted as set out by plaintiff. There was a sale of these goods with a warranty, which was broken. Defendant was the payee of the draft drawn by the Canneries Company on plaintiff for the price, with the bill of lading attached, and as such received payment of the full purchase price. The question to be determined is whether defendant is now liable in damages for the breach of the Canneries Company's warranty. It must be confessed that the theory of its liability is fully supported by the case of *Landa v. Lattin,* 19 Tex. Civ. App. 246 (46 S. W. Rep. 48), and that the doctrine of that case has been adopted and followed by the supreme court of North Carolina in *Finch v. Gregg,* 126 N. C. 176 (35 S. E. Rep. 251), decided since the trial below. If we were prepared to yield our assent to the line of reasoning pursued in these cases, we should have to affirm this judgment. These decisions proceed upon the theory that the assignee stands in all respects in the shoes of his assignor, and to this broad doctrine we cannot agree. While the rights of such an assignee are to be measured by those of his assignor, his liability is not necessarily the same.

Defendant bank could not have compelled payment by plaintiff of any greater sum than could have been collected

by the Canneries Company, but on what theory can we say it is liable on a contract of warranty which it never made? The rule of the *Landa Case* is founded on the thought that the transfer of the draft and bill of lading to the bank amounted to a sale of the goods, and that the bank as a purchaser undertook to deliver the goods and carry out the Canneries Company's contract with plaintiff, and because of these facts it necessarily assumed the contract of warranty, although it may have been in fact ignorant that any warranty was made. We do not think, even as the proposition is thus stated, the premises justify the conclusion. But the premises are not correct. The transaction between the Canneries Company and defendant was not and could not be a sale of the goods, for they had already been sold to plaintiff, and it was the intention of all parties that such sale to plaintiff should be consummated by delivery. What was in fact done by the assignment of the draft and bill of lading was to transfer to the bank the Canneries Company's right to the price, and to give it the possession of the goods as security. Manifestly, while the bank could collect no more than its assignor would have been entitled to, the character of its engagement was not such as to impose upon it any liability to the buyer which it did not expressly assume. One who purchases an account against another takes it subject to defenses, but not to affirmative claims of the debtor on some collateral agreement with the original creditor. The two cases cited stand alone in holding the purchaser of a draft with the bill of lading attached liable on a warranty made by the assignor, and the line of reasoning pursued to reach this conclusion is so at variance with well-established elementary principles of law that we decline to accept the rule they announce.

II. If there is any liability on defendant's part to plaintiff, it must be on the ground that it has received money which it cannot equitably retain. The Canneries Company could have collected only the price of the goods, less the dam-

ages for breach of warranty. More than this has been paid
to defendant. If plaintiff has any standing here, it is to
recover this excess paid, on the theory just stated. But the
draft given the bank was negotiable, and it is a well-estab-
lished rule of law, that, after the holder of a negotiable draft
with bill of lading attached has secured an acceptance of such
draft from the drawee and consignee, he is unaffected by
any equities originally existing between such consignee and
the seller of the goods. In such a case the liability of the
drawee becomes fixed to the payee. *Arkin v. Owens,* 140
Mass. 144 (3 N. E. Rep. 25); *Flournoy v. Bank,* 78 Ga. 222
(2 S. E. Rep. 547); *Nowak v. Stone Co.,* 78 Ill. 307; *Law
v. Brinker,* 6 Colo. 555; *Vanstrum v. Liljengren,* 37 Minn.
191 (33 N. W. Rep. 555); *Hays v. Hathorn* 74 N. Y. 486;
*Shafer v. Bronenberg,* 42 Ind., 89; Randolph Commercial
Paper, 1876. It is said in the first of these cases: "The
payee of an accepted bill holds the same relation to the ac-
ceptor that an indorsee of a note holds to the maker." Under
this rule, the plaintiff, after an acceptance of the draft, could
not have set up against the bank any claim for breach of
warranty made by the Canneries Company, and if this is the
effect of an acceptance, it certainly is of a payment.

There was no matter of mutual mistake in this trans-
action between plaintiff and defendant. The latter had a
right, as against the Canneries Company, to collect the full
amount due on the draft from the drawee. The mistake, if
any, was as to a matter between plaintiff and the drawer of
the draft.

It is said in plaintiff's behalf that there is no evidence
that the bank was the owner of the draft. But we think dif-
ferently. It alleged such ownership in its answer, and to
establish the allegation exhibited a draft payable to
its order, with a bill of lading attached, showing a
shipment of the goods consigned to the bank. The
rule is well established that possession of a note or bill is

*prima facie* evidence of ownership for value. *Stoddard v. Burton,* 41, Iowa, 582; Lawson, Presumptive Evidence 94; .2 Randolph Commercial Paper, 717. On the whole, we are convinced the judgment of the trial court is erroneous. Plaintiff's remedy is against the Canneries Company. It has now no enforceable claim against the bank.—REVERSED.