[Cosmos Cotton Co. v. 1st National Bank of Birmingham.]

# Cosmos Cotton Co. *v.* 1st National Bank of Birmingham.

## *Assumpsit.*

### (Decided Feb. 2, 1911.   54 South. 621.)

1. *Banks and Bankers; Drafts With Bill of Lading; Liability of Payee.*—A payee bank which, in the ordinary course of business, cashed a draft with a bill of lading attached, endorsed in blank, or placed the proceeds thereof to the credit of the consignor-drawers and which forwarded the same for collections did not become liable to the drawee-consignee upon payment of the draft, for a breach of the contract of sale, arising' from a shortage in the weight or deterioration in the quantity of the cotton covered by the bill of lading.

2. *Same; Transfer; Property Passing.*—An unconditional transferee of a bill of lading gets title only to the thing shipped, and not to what the consignor should have shipped.

3. *Same; Title of Transferee.*—The transferee of a bill of lading attached to a draft for the purchase money of property takes a special property only, defeasible by acceptance and payment of the draft.

APPPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by the Cosmos Cotton Company against the 1st National Bank of Birmingham for shortage in weight and deterioration in cotton purchased by it through bill of lading with draft attached, which had been cashed by defendant's bank, and forwarded to and paid by plaintiff. Judgment for defendant and plaintiff appeals. Affirmed.

JOHN W. TOMLINSON, R. W. WALKER, and JOHN ABNEY for appellant. A bank must refund money paid it on account of a draft with a Bill of Lading attached describing One Hundred (100) whole bales of cotton, when, in fact, one hundred half or split bales were shipped.— *Haas & Co. v. Citizens Bank of Dyersburg,* 144 Ala. p. 612; *American National Bank v. Hudson,* 123 Ala. 130 ;

[Cosmos Cotton Co. v. 1st National Bank of Birmingham.]

*Commercial Bank of Selma v. Hart,* 99 Ala., 130; *Jasper Smith Co. v. K. C. M. & B. R. R. Co.* 99 Ala. Ib 416; 4 Am. Eng. Enc. of Law (2d Ed.) p. 549; *Searles v. Smith* (Miss.)) 32 South. Rep. 290; *Mason v. Nelson,* 62 S. E. R., 625; (dissenting opinion); *Eufaula Gro. Co. v. Missouri National Bank,* 118 Ala., 408; *Dowes v. Bank,* 91 U. S., 618; *Bank v. White,* 65 Mo., 677; "Money paid by mistake on a raised or altered check can be recovered."—*Birmingham National Bank v. Bradley,* 103 Ala. 109; 108 Ala. 205; 116 Ala. 142. "Assignments of bills of lading are not governed by the commercial law. The transferee simply acquires the title of the transferrer to the goods described in them."—*Commercial Bank of Selma v. Hart,* 99 Ala. 130; *Jasper Smith Co. v. K. C. M. & B. R. R. Co.,* Ib. 416; 4 Am. & Eng. Enc. of Law (2d. Ed.) p. 549. The rule of stare dicisis should apply in this case, as the propositions have been settled in the cases of.—*Eufaula G. Co. v. Mo. Nat. Bank,* 118 Ala. 408; *Haas v. Citizens Bank,* 144 Ala. 562. The reasoning of the court in these two cases cannot be shown to be unsound, as it is in accord with a majority of the best authorities.—66 Penn. 435; 3 La. Ann. 409; 714 Ga. 683; 1 Hill 287; 3 N. Y. 230; 11 C. B. 842; 20 Miss. 688; 65 Mo. App. 677.

CAMPBELL & JOHNSTON, for appellee. There was not a contract of sale.—*Hoffman v. Bank of Milwaukee,* 12 Wall. 181; 1 Benja. on Sales. p. 2; *Jenkins v. Brown,* 14 Q. B. 496; *Henderson's case,* 123 Ala. 613. The Bank only acquired a special interest in the goods represented by the bill of lading. The Bank did not sell any cotton to the plaintiff, nor did it assume the contract of Smith & Coughlan.—*Young v. Lehman,* 63 Ala. 519; *1st Nat. Bank v. Wilkesbarre,* in MSS.; *Goetz v. Bank of Kansas City,* 119 U. S. 551; *Baisdell Co. v. Citizens Bank,* 75 SW.

292. A holder of a draft who takes an attached bill of lading by assignment as security for the amount advanced on the draft becomes the owner of the goods as against the acceptor to an extent only sufficient to secure and effect his claim.—*Mason v. Nelson,* 62 SE. 625, and cases there cited.

ANDERSON, J.—This suit proceeds upon the theory that notwithstanding the defendant bank, the payee of the draft, cashed the same or placed the proceeds thereof to the credit of the drawers, Smith & Coughlan, it became liable to the plaintiff, upon a subsequent payment, by it, of said draft, as for the breach of the contract of sale between it, the plaintiff, and the consignor of the cotton and drawers of the draft, Smith & Coughlan, and which said draft, when paid by the plaintiff, had the bill of lading for the cotton attached thereto, and which said bill of lading, when delivered to the defendant, was indorsed in blank. The question therefore arises: Did the defendant bank who cashed the draft, or placed the proceeds thereof to the credit of the drawers, Smith & Coughlan, and who forwarded the same for collection with bill of lading attached, become liable to the plaintiff, upon payment of said draft, for a breach of the contract of sale, between the plaintiff and the vendors of the cotton, Smith & Coughlan, growing out of a shortage in the weight of the cotton or a deterioration in the quality? We think not. The defendant, by purchasing or cashing the draft, did not undertake thereby to carry out the contract of sale. Nor did the assignment of the bill of lading put the defendant in the shoes of the vendors and entail upon it the duty of standing sponsor for their warranties and obligations, connected with or growing out of the contract of the sale of the cotton. "Assignments of bills of lading are not governed by the

commercial law. The transferee simply acquires the title of the transferror to the goods described in them." *Com. Bank of Selma v. Hurt,* 99 Ala. 130, 1 South. 568, 19 L. R. A. 701, 42 Am. St. Rep. 38; *Jasper v. K. C. M. & B. R. R.,* 99 Ala. 146, 14 South. 546, 42 Am. St. Rep. 75; 4 Am. & Eng. Encyc. of Law, 549; 6 Cyc. 426. The transferee of the bill of lading gets only the title to the thing shipped or included in the bill of lading, and does not get a title to something which the vendor agreed to ship and which is not embraced in the bill of lading. It would therefore seem that one who gets a bill of lading as assignee does not assume to carry out the contract of the assignor with the consignee or drawee of the draft to which it is attached. He merely gets such title as the transferror has in the goods, covered by the bill of lading, and he does not assume to warrant the obligations of the shipper as to quality or quantity. The foregoing rule seems to apply to unconditional transfers or assignments of bills of lading; but, when the shipment is made with bill of lading attached to a draft for the purchase money, only a special property in the goods passes to the transferee, subject to be divested by the acceptance and payment of the draft.—4 Am. & Eng. Ency. of Law, 548; *Am. Nat. Bank v. Henderson,* 123 Ala. 612, 26 South. 498, 82 Am. St. Aep. 147. The defendant in the case at bar acquired the draft for a valuable consideration, and, when accepted and paid by the plaintiff, the defendant, as the owner or payee of same, did not, in receiving the money thereon, become responsible for the breach of the contract between the drawer and drawee. It was under no obligations to perform the contract of Smith & Coughlan and had the right to assume that the draft it received and forwarded, and which was accepted and paid by the plaintiff, was a legitimate and regular transaction between the drawer and drawee, and that it was right and

proper that the latter should pay, as the principal party; and the presumption of law that such is the case is its complete protection, if it received the draft in the ordinary course of business.—*Young v. Lehman Durr & Co.,* 63 Ala. 526.

The appellants contend, however, that the bill of lading, duly indorsed, was attached to the draft, and that they had the right to rely upon it as a security protecting them in the payment of the draft. As heretofore set out, the defendant, by being the transferee of the bill of lading, was under no legal obligation to carry out the contract for Smith & Coughlan. They did not become a party to the contract of sale, and the only representations or warranties that can be attributed to them was that the bill of lading was in the same condition as when they got it from Smith & Coughlan. We doubt if the status would be changed, if the transfer of the bill of lading had been unconditioned, as it would only operate to transfer the title to the property, and not the contract of sale, so as to put the defendant in the shoes of Smith & Coughlan; but the transfer was conditional and was only a security for the draft, as the draft to which it was attached shows upon its face that the bill of lading was attached. The plaintiffs had knowledge, or notice of facts to put them on notice, that the payment of the draft would divest the defendant of any title or claim to the cotton under the bill of lading, and that the bill of lading was simply held as collateral security for the draft, and which was sufficient to negative all idea that the defendant, in acquiring the bill of lading, had become the vendor of the cotton or had undertaken to perform the contract of Smith & Coughlan. This conclusion is supported by the great weight of authority, English and American, and some of which are directly in point, in law and fact, and is opposed by a

very few cases, which will be hereafter considered and discussed.—*Robinson v. Reynolds,* 42 E. C. L. 634; *Hoffman v. Bank,* 79 U. S. 181, 20 L. Ed. 366; *Goetz v. Bank,* 119 U. S. 551 7 Sup. Ct. 318, 30 L. Ed. 515; *Blaisdell v. Bank,* 96 Tex. 626, 75 S. W. 292, 62 L. R. A. 968, 97 Am. St. Rep. 944; *Arpin v. Owens,* 140 Mass. 144; *Torleton v. Bank,* 112 Iowa, 706, 84 N. W. 930, 50 L. R. A. 777; *Lewis Leonhardt & Co. v. Small,* 117 Tenn, 153, 96 S. W. 1051, 6 L. R. A. (N. S.) 887, 119 Am. St. Rep. 994; *Hall v. Keller,* 64 Kan. 211, 67 Pac. 518, 62 L. R. A. 758, 91 Am. St. Rep. 209. The cases opposed are: *Landa v. Lattin Bros.,* 19 Tex. Civ. App. 246, 46 S. W. 48; *Finch v. Gregg,* 126 N. C. 176, 35 S. E. 251, 49 L. R. A. 679; *Searles v. Smith,* 80 Miss. 688, 32 South. 287 and perhaps the *Eufaula Grocery Co. case,* 118 Ala. 408, 24 South. 389, and which said last case will be hereafter fully discussed and explained. The case of *Landa v. Lattin Bros., supra,* was expressly overruled by the Supreme Court of Texas in the case of *Blaisdell v. Bank,* 96 Tex. 629, 75 S. W. 292, 62 L. R. A. 968, 97 Am. St. Rep. 944. And *Finch v. Gregg, supra,* was expressly overruled by the North Carolina court in the case of *Mason v. Nelson,* 148 N. C. 492, 62 S. E. 625, 18 L. R. A. (N. S.) 1221, 128 Am. St. Rep. 635.

The opinion in the case of *Eufaula Grocery Co. v. Missouri Bank,* 118 Ala. 408, 24 South. 389, contains expressions contrary to the present holding, and which would indicate that defendant bank, as payee of the draft, was a guarantor of Burbaker's contract with the Eufaula Grocery Company. We need not, and do not, question the soundness of the conclusion in said case; but the opinion seems to proceed upon a misconception of the record and is not responsive to the appellant's style of action or complaint or the argument and contention of counsel, upon the appeal, as will appear from the read-

ing of the brief on pages 410 and 411 of 118 Ala., on page 389 of 24 South. We have before us the original record in the case. It seems that the plaintiff rescinded the contract of sale and sued the Missouri Bank for money paid under a mistake of fact, upon the theory that it ex æquo et bono belonged to the plaintiff, as the Missouri Bank had not paid it over to Burbaker and did not claim to hold it as a bonafide owner, and the Eufaula Bank was garnished while holding the money as agent for the Missouri Bank and which the plaintiff contended was its money, having been paid under a mistake of fact. An examination of appellant's brief will demonstrate that the right to recover the money was not insisted upon or sought upon the idea that the Missouri Bank was liable, as the result of its ownership of the draft, for a breach of the contract of sale, between plaintiff and Burbaker; but upon the theory that it collected the money for Burbaker, or whether it had title to same or not, it was in duty bound to restore it to the plaintiff, "there being no question of a bona fide purchase by it." The Missouri Bank did not attempt to show that it was the bona fide owner of the draft or the fund, and the undisputed evidence showed that it held the money as a mere collecting agent for Burbaker, the drawer of the draft and consignor of the hay. The appellant's brief (the plaintiff) made the point that the undisputed evidence (evidence introduced by appellee) showed that the Missouri Bank held it merely as collecting agent for Burbaker, yet the court held that there was error in admitting this evidence, although the appellant assigned no error as to rulings upon evidence, and predicated its right to recover upon the defendant's own evidence. The liability of the Missouri Bank as a guarantor of Burbaker's contract, because payee or holder of the draft with bill of lading attached, was not made or in-

sisted upon and was absolutely foreign to plaintiff's theory as indicated by its complaint and argument upon appeal. Nor do we understand the opinion as holding that the Missouri Bank was liable, as a guarantor of the contract of sale, or that it could not have been a bona fide purchaser or holder of the draft. There was no attempt to show that it was a bona fide owner, and the opinion does not hold that this would not be a good defense, and appellant conceded, in brief, that it had the right to recover only because there was no question of a bona fide purchase. The opinion merely held that, as to the plaintiff, the Missouri Bank was estopped from denying the title to the fund, but does not hold that the fund would have been subject to plaintiff's demand, had the Missouri Bank held it as a bona fide purchaser, or that it could not have been a bona fide purchaser, under the circumstances—a fact not attempted to be shown or set up.

The case of *Haas v. Citizens' Bank,* 144 Ala. 562, 39 South. 129, 1 L. R. A. (N. S.) 242, 113 Am. St. Rep. 61, reaffirmed 157 Ala. 607, 46 South. 1036, whether sound or not, can be differentiated from the present case, and, in fact, from all the cases cited for and against the present holding. In this *Haas case,* the complaint averred, not only that the bank acquired the draft and bill of lading, but purchased the account also, and on page 571 of 144 Ala., on page 129 of 39 South. (1 L. R. A. [N.S.] 242, 113 Am. St. Rep. 61), the court, speaking through Tyson, J., stresses the point that the bank purchased the account, and does not fasten its liability upon the draft and bill of lading alone. In response to the contention, by the bank, that it held the draft as a bona fide purchaser and was not therefore liable, the court says: "To so hold would be to give effect to only a part of the transaction—to ignore its ownership of the goods *and the ac-*

*count transferred to it by Klyce.*" (Italics supplied.) It will be noted that the purchase of the account or invoice was an important factor, in the mind of the court, in reaching the conclusion in said case and is one not to be considered in the case at bar against this defendant. There is no proof that this defendant purchased the account or invoice, or that it had any notice of the contents of the invoice or of the details of the transaction between the plaintiff and Smith & Coughlan, and it appears that said invoice was mailed by said Smith & Coughlan direct to the plaintiff. The defendant never saw the invoice and had no notice of Smith & Coughlan's representations to the plaintiff, made therein of the cotton, and, if the plaintiff relied upon same in paying the draft, it cannot hold this defendant to account for representations of the vendor of the cotton. It held the draft as a bona fide owner and the bill of lading as a security for said draft, and which the plaintiff knew, from an inspection of the papers, when presented, and the only representations which could be attributed to the defendants are that the papers were in the same condition when presented as when gotten from Smith & Coughlan.—*Young v. Lehman Durr & Co., supra,* and other cases cited. See also, the case of *First Nat. Bank v. Wilkesbarre,* 162 Ala. 309, 50 South. 152.

The judgment of the city court is affirmed.

Affirmed. All of the justices concur.

SIMPSON, MCCLELLAN, and MAYFIELD, JJ., concur in the opinion. DOWDELL, C. J., and SAYRE, J., concur in the conclusion and the opinion, except in so far as it differentiates the case at bar from the Haas case. They think the Haas case is in conflict and should be overruled. SIMPSON, J., thinks the Haas case unsound, but properly differentiated, and that it is not necessary to overrule same.