(94 South. 292)

## COX v. GREIL BROS. CO.    (3 Div. 573.)

(Supreme Court of Alabama.   Oct. 12, 1922.)

1. Carriers ⚬⟿58—Assignment of bill of lading transfers title to goods to assignee.

The assignment of a bill of lading puts the title to the goods thereby covered in the transferee.

2. Carriers ⚬⟿58—Only special property passes to transferee of bill of lading attached to draft for purchase money.

When a shipment is made with bill of lading attached to a draft for the purchase money, only, a special property in the goods passes to the transferee of the bill, subject to be divested by the acceptance and payment of the draft.

3. Carriers ⚬⟿56—Delivery of bill of lading essential to transfer title to goods by assignment thereof.

To constitute an assignment of a bill of lading so as to transfer title to the goods to the assignee, there must be a delivery, actual or constructive, of the bill.

4. Carriers ⚬⟿58—Transfer of draft and invoice held not to transfer title to the goods, but merely to the debt.

Where a firm sold 25 bags of Brazil nuts to plaintiff and shipped it to its own order, "notify" its broker, and forwarded the bill of lading to the broker who paid the freight and surrendered the bill to the carrier, and thereafter the firm drew on a bank and assigned the draft and invoice to the bank, the transfer of the invoice for the purchase price did not pass title to the goods to the bank; it being merely a transfer of the debt.

---

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Attachment by the Greil Brothers Company against William A. Higgins & Co.; Wallace E. Cox, claimant. On a trial of the claim suit there was judgment for plaintiff, and claimant appeals. Affirmed.

Defendant William A. Higgins & Co., of New York, contracted through its agent, a brokerage firm in Montgomery, to sell 25 bags of Brazil nuts to plaintiff, Greil Bros. The nuts were shipped in a car with other shipments to purchasers at Montgomery, a bill of lading for the entire car being taken by the defendant to its own order, "notify" the brokerage firm in Montgomery. On arrival of the car at Montgomery the nuts intended for plaintiff were short, but arrived a few days later. Defendant forwarded the bill of lading for the entire car to its broker. The plaintiff sued out an attachment against the defendant, claiming that defendant was indebted to it, and the writ of attachment was levied on the 25 bags of nuts which had been shipped to plaintiff, while they were still in the possession of the railroad company, but after the freight on the car had been paid and the bill of lading surrendered to the railroad company by the broker.

About the time of shipment of the nuts defendant made out an invoice against the plaintiff for the purchase price, and drew draft on plaintiff for the amount of the invoice, indorsing the draft and signing a written transfer on the invoice, assigning all of its right, title, and interest in the invoice to the National City Bank of New York. The indorsement on the back of the invoice was:

"For value received we hereby sell, transfer and assign all our right, title and interest in this invoice to Nat. City Bk. of New York, N. Y. New York, Sept. 17, 1920, Wm. A. Higgins & Co."

The draft was indorsed, "Wm. A. Higgins & Co." The bank gave credit to Higgins & Co. for the amount of the draft, and the draft and the papers attached were forwarded by the National City Bank to a bank at Montgomery for collection. After plaintiff declined payment of the draft and after levy was made on the nuts, the bank, having been informed of the levy, attempted to charge back the amount of the item to the account of defendant, and, the defendant objecting to this, the bank then demanded reimbursement, which was refused. About November 12, 1920 (after levy had been made on October 1, 1920), one Baruth, acting for Wallace E. Cox, negotiated the assignment of the draft by the bank to Cox, who, at the time of taking the assignment, was informed that the nuts had been levied upon. Subsequently Cox filed a claim bond and affidavit with the sheriff of Montgomery county. On the trial of the claim suit Cox filed a written claim, and the trial court after consideration rendered judgment for plaintiff, from which judgment the claimant appeals.

Rushton & Crenshaw, of Montgomery, for appellant.

When the consignor draws upon the consignee, and the draft, with bill of lading attached, is indorsed or transferred, if the consignee refuses to accept, the title of the transferee becomes absolute. 17 Ala. App. 287, 84 South. 427; 16 Ala. App. 346, 77 South. 940; 12 Ala. App. 511, 67 South. 721; 9 Ala. App. 328, 63 South. 776; 17 Ala. App. 256, 84 South. 421; 123 Ala. 614, 26 South. 498, 82 Am. St. Rep. 147; 146 Ala. 691, 40 South. 503; 171 Ala. 395, 54 South. 621, 32 L. R. A. (N. S.) 1173, Ann. Cas. 1913B, 42; 5 Ala. App. 454, 59 South. 746. An assignment of the invoice was sufficient to transfer title, where such was the intention of the parties. 144 Ala. 562, 39 South. 129; 171 Ala. 399, 54 South. 621, 32 L. R. A. (N. S.) 1173, Ann. Cas. 1913B, 42.

Steiner, Crum & Weil, of Montgomery, for appellee.

It was essential to the passing of title to the nuts covered by the bill of lading that the bill of lading be delivered by the shipper to the National City Bank. 15 Mass. 527; 107 Mass. 37, 9 Am. Rep. 1; 77 Ala. 236; 66 Ala. 10; 35 Cyc. 320. The transfer of the invoice for the purchase price of the goods did not pass title in the goods to the bank. 132 App. Div. 732, 117 N. Y. Supp. 389.

ANDERSON, C. J. [1-3] It is a well-settled principle of law, recognized by this and other courts, that the assignment of a bill of lading puts the title to the goods thereby covered in the transferee. This rule applies to unconditional transfers or assignments, but when the shipment is made with bill of lading attached to a draft for the purchase money only a special property in the goods passes to the transferee, subject to be divested by the acceptance and payment of the draft. Cosmos Cotton Co. v. First National Bank, 171 Ala. 392, 54 South. 621, 32 L. R. A. (N. S.) 1173, Ann. Cas. 1913B, 42, and authorities there cited. In order, however, to constitute an assignment of a bill of lading so as to transfer title to the goods to the assignee, there must be a delivery, actual or constructive, of the bill of lading.

"A bill of lading not attached to the draft, or made payable to the holder thereof, or delivered to the holder of the draft, passes no title to the goods." Exchange Bank v. Rice, 107 Mass. 37, 9 Am. Rep. 1; McCormick & Richardson v. Joseph & Anderson, 77 Ala. 236, 35 Cyc. 320.

[4] The bill of lading in this case was not to the order of the City National Bank of New York, but was to the order of the shipper William A. Higgins & Co., "notify O. A.

Richardson & Co." its Montgomery agent. Nor was said bill of lading ever delivered to the National City Bank of New York, but was forwarded to Richardson & Co. at Montgomery, Ala., who surrendered the same to the railroad after paying the freight on the car, and the goods were levied on while in the possession of the railroad, but after the freight had been paid and the bill of lading had been surrendered. The New York bank therefore acquired no title to the goods, and this appellant, Cox, acquired none under the assignment of the bank of its claim, which was nothing more than the draft drawn upon the appellee by the shipper and the invoice for the goods sold. Appellant's counsel, in effect, concede that the New York bank never acquired the bill of lading but contend that the assignment of the draft and invoice constituted it the owner of the goods at the time of the levy. The transfer of the invoice for the purchase price of the nuts did not pass the title to same to the bank. It was merely a transfer of the debt. Manufacturers' Co. v. Rochester Co. (Sup.) 117 N. Y. Supp. 989.

The case of Haas v. Citizens' Bank, 144 Ala. 562, 39 South. 129, 1 L. R. A. (N. S.) 242, 113 Am. St. Rep. 61, did not hold that the mere transferee of an invoice of goods shipped thereby acquired title to the goods, in the absence of an assignment of the bill of lading. Nor was the principle recognized in the Cosmos Case, supra, wherein the Haas Case was discussed and differentiated, and while the transfer of the invoice was recognized as a point of difference between the two cases, it was not held or intimated that the transfer of a draft and invoice without the bill of lading would give the transferee of the former the title to the goods shipped.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.