FARMERS AND MERCHANTS DEPOSIT COMPANY v. BOULEVARD
BANK AND TRUST COMPANY.

(Filed 23 April, 1924.)

**Banks and Banking—Bills and Notes—Drafts—Bills of Lading—Purchasers in Due Course—Payment—Actions—Claim and Delivery.**

The collecting bank is responsible to the forwarding bank, which has become a purchaser, for value in due course and without notice, of a draft, bill of lading attached, for its payment under attachment of the consignor for shortage in the shipment, under a judgment against the consignee, when the collecting bank has collected the money on the draft, and the proceedings are taken and the judgment obtained without notice to the forwarding bank.

APPEAL by plaintiff from *Lane, J.,* at November Term, 1923, of ROCKINGHAM.

The Reed Grain and Milling Company, of Charlestown, W. Va., shipped a carload of wheat to D. E. Moore & Sons, of Leaksville, N. C., and on 13 March, 1921, drew a sight draft on the purchasers in favor of the plaintiff for $1,587.67, with a bill of lading attached. The wheat was delivered to the purchaser and the draft was collected by the defendant. Moore & Sons found a shortage in the wheat, and instituted an action against the Reed Grain and Milling Company to recover therefor in the sum of $179.26, and attached the proceeds of the draft, which were in the hands of the defendant. The plaintiff had no notice of the action. The defendant collected the draft of $1,587.26 and remitted to the plaintiff $1,408.41. The plaintiff brought suit to recover $179.26 as the balance due.

There was evidence tending to show that the plaintiff was the owner and holder of the draft in due course, without notice of the shortage or any other defect in the shipment, and that the defendant was notified of the fact. There was evidence for the defendant tending to show that it did not know that the plaintiff had purchased the draft or had any interest in it.

The verdict was as follows:

1. Is defendant indebted to the plaintiff? Answer: No.

2. If so, in what amount? Answer: Nothing.

Judgment for the defendant, from which the plaintiff appealed, assigning error.

*Humphreys & Gwyn for plaintiff.*
*A. W. Dunn for defendant.*

ADAMS, J. His Honor instructed the jury, in substance, as follows: If, after this money had been received by the defendant, a part of it ($179.26) was seized under attachment and taken by process of law from the defendant's custody, the defendant would not be liable to the plaintiff, and in that event the first issue should be answered in the negative. To this instruction the plaintiff excepted.

It was held, in *Finch v. Gregg,* 126 N. C., 176, that when a purchaser of goods has accepted and paid a draft drawn on himself by the consignor for the purchase price to a holder in due course, the consignee or purchaser may recover damages of the holder for the consignor's breach of warranty; but this principle was afterwards disapproved, the Court holding, on the contrary, that where a bank becomes a holder in due course of a draft drawn by the consignor on the consignee for the purchase price, with a bill of lading attached, the consignee takes the goods

subject to the rights of the holder of the bill of lading to the amount of the draft, and he cannot retain as against the holder the price of the goods on account of a debt due him by the consignor. *Mason v. Cotton Co.,* 148 N. C., 492. See, also, *Bank v. Hatcher,* 151 N. C., 359; *Latham v. Spragins,* 162 N. C., 404; *Lumber Co. v. Childerhose,* 167 N. C., 34; *Holleman v. Trust Co.,* 185 N. C., 49; C. S., 3038; 49 L. R. A., 679, note; 91 A. S. R., 212, note; 49 L. R. A. (N. S.), note; *Means v. Bank,* 146 U. S., 620; 36 L. Ed., 1107.

There is evidence tending to show that the plaintiff is a holder in due course of the draft and the bill of lading, and no evidence that the defendant gave to the plaintiff any notice whatever of the attachment, or of the pending suit, until some time after the defendant had obtained judgment in a justice's court.

Under these circumstances, his Honor misinstructed the jury, and for this error the plaintiff is entitled to a

New trial.